[No. 32277. Department Two. April 10, 1953.]

KING COUNTY, *Respondent,* v. COMMERCIAL WATERWAY DISTRICT No. 1, *Appellant.*[1]

*Taylor & Revelle,* for appellant.

*Charles O. Carroll* and *K. G. Smiles,* for respondent.

GRADY, C. J.—In this action, King county sought to quiet its title to land purchased by it in 1914 from commercial waterway district No. 1, as against a claim of title made by the district. The court made such a decree, and the district

[1]Reported in 255 P. (2d) 539.

has appealed. The defenses advanced by appellant were: (1) that the description of the real estate set forth in its resolution and in its notice of intention to sell did not designate and describe any one particular parcel of land; and (2) that the sale was void, in that all of the real estate described in its resolution providing for such sale was not offered for sale or sold. Respondent met the defenses by a plea of estoppel. The court decided that appellant was estopped from claiming that a valid sale had not been made.

Appellant became the owner of a portion of the bed of the Duwamish river when its course was changed. The river bed was in the form of a horseshoe bow, and became known as Oxbow Bend. The sides of the bow ran easterly from east Marginal way, curved and met, forming the toe of the horseshoe.

In 1914, appellant desired to sell the southerly part of Oxbow Bend. It derived its authority to do so from RCW 91.04.170; the procedure was as required by RCW 36.34.020 *et seq.,* relating to sales of land by counties. The commissioners adopted a resolution to sell. The statute required that the notice of intention to sell describe the property and that it be posted and published. The statute also required the commissioners to conduct a hearing upon the proposal to sell, and if they determined to make a sale, to publish a notice thereof. In its resolution and notice thereon, the *northerly* part of the bow was described; while, in the notice of sale, the description covered the *southerly* part. Respondent purchased the latter and received a deed therefor.

All of the property acquired by respondent has been resold except the two tracts involved in this case and referred to in the unrecorded plat of Commercial Waterway District No. 1, First Add., as tracts 68 and 85.

After the purchase was made, respondent took possession of the property. The title or ownership was not questioned until shortly before the commencement of this action in 1952, when respondent sought to secure a policy of title insurance.

In our review of the judgment of the court, we may assume that if the doctrine of estoppel did not apply to

appellant, it could properly be said that a valid sale was not made to respondent. *Carpenter v. Okanogan County*, 163 Wash. 18, 299 Pac. 400. However, we are of the opinion that the doctrine of estoppel does apply to appellant in the situation disclosed by the record. Appellant had the right and power to sell the property. In doing so, it acted in a proprietary capacity. It failed by its own act to strictly comply with a part of the prescribed statutory procedure.

■ The rule applicable to the facts of this case is that a municipal corporation may be estopped to deny the validity of an act done or contract made within its power, although the method it exercised may have been irregular or defective. The rule is more frequently applied where the municipality acts in a proprietary capacity. *Carpenter v. Okanogan County, supra*; *Bennett v. Grays Harbor County*, 15 Wn. (2d) 331, 130 P. (2d) 1041; *Strand v. State*, 16 Wn. (2d) 107, 132 P. (2d) 1011; 38 Am. Jur. 374, Municipal Corporations, § 668; 31 C. J. S. 413-429, Estoppel, §§ 141-144; 10 McQuillin, Municipal Corporations (3d ed.), § 29.104.

The cases cited are not factually apposite, but reference is made to them to illustrate how we have regarded the doctrine of estoppel when it has been invoked against the state or one of its governmental agencies; also to illustrate the view taken that if the act done was not *ultra vires*, procedural defects in the exercise of granted authority would not prevent an estoppel. A procedural omission may give the right to rescind, as happened in the *Carpenter* case, *supra*, but it does not protect against an estoppel. In the *Strand* case, *supra*, a procedural omission was claimed (absence of a preliminary survey) which might have affected the validity of the sale of public land, but this was not permitted to stand in the way of an estoppel.

We are in accord with the view of the trial court that appellant is estopped to deny that respondent acquired a valid title to the property conveyed by its deed.

The judgment is affirmed.

SCHWELLENBACH, HAMLEY, DONWORTH, and FINLEY, JJ., concur.